Leon M. Greenberg, NV Bar No. 8094
Dana Sniegocki, NV Bar No. 11715
*leongreenberg@overtimelaw.com*
*dana@overtimelaw.com*
**Leon Greenberg, P.C.**
2965 South Jones Boulevard, Suite E–3
Las Vegas, NV 89146
Tel.: 702.383.6085; Fax: 702.385.1827

David R. Markham CA Bar No. 071814
*dmarkham@markham-law.com*
Maggie Realin CA Bar No. 263639
*mrealin@markham-law.com*
Michael J. Morphew CA Bar No. 304463
*mmorphew@markham-law.com*
**THE MARKHAM LAW FIRM**
750 B Street, Suite 1950
San Diego, CA 92101
Tel.: 619.399.3995; Fax: 619.615.2067
Pending Pro Hac Vice Admission

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL D'AMORE, ADAM BYCINA, and RICHARD D'HONDT, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAESARS ENTERPRISE SERVICES, LLC, CAESARS ENTERTAINMENT CORPORATION, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case Number:<br><br>**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1. Violation of Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA");<br>2. Breach of Employment Contract and NRS 608.040 *et seq.*<br>3. Violation of NRS 608.016, 608.030, And 608.140;<br>4. Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018;<br>5. Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050.<br><br>**(JURY DEMAND)** |

COME NOW PLAINTIFFS MICHAEL D'AMORE, ADAM BYCINA, and RICHARD D'HONDT, on behalf of themselves, and all others similarly situated, and allege the following:

**INTRODUCTION**

1. Michael D'Amore, Adam Bycina, and Richard D'Hondt ("Plaintiffs") bring this lawsuit on behalf of themselves and all individuals who had or have the job title of "Table Games Service Supervisor," or who had or have similar job titles and positions which were misclassified as exempt from overtime by Defendants within the State of Nevada during the relevant time period.

2. Mr. D'Amore worked for Defendants from January 11, 1999, to July 28, 2017, as a Table Games Service Supervisor, also titled Table Games Floorman, and during a portion of such time as an employee treated by defendants as an overtime exempt, salary–paid employee.

3. Mr. Bycina worked for Defendants from May 2, 2005, to April 23, 2018, as a Table Games Service Supervisor, also titled Table Games Floorman, and during a portion of such time as an employee treated by defendants as an overtime exempt, salary–paid employee.

4. Mr. D'Hondt has worked for Defendants from April 6, 2005, to September 12, 2018, as a Table Games Service Supervisor, also titled Table Games Floorman, and during a portion of such time as an employee treated by defendants as an overtime exempt, salary–paid employee.

5. As a Table Games Service Supervisor, Mr. D'Amore, Mr. Bycina, and Mr. D'Hondt were responsible for overseeing gaming to ensure fairness for the customers and employees, protect the house from cheaters, opening and closing games, changing cards/dice, issuing credit markers to customers with available credit, maintaining compliance with Federal Title 31, signing up of new loyalty club (Total Rewards) members or assisting in the reissuance of lost or stolen cards, and report to management any misconduct by the dealers at the games they were responsible for overseeing.

6. In October of 2016, defendants elected to treat Plaintiff D'Amore, Plaintiff Bycina, Plaintiff D'Hondt, and others with the same and similar job titles as hourly employees, and cease considering them to be overtime exempt employees paid on a salary basis. Plaintiffs allege that prior to this time, they and others with the same and similar job titles were improperly treated ("misclassified") by

defendants as overtime–exempt, salaried employees. The job duties performed by Plaintiffs prior to the time they were reclassified as hourly did not meet any of the overtime exemptions set forth in the Fair Labor Standards Act (FLSA) or Nevada Statutes.

7. Defendants required, suffered, and/or permitted Plaintiffs and others with the same and similar job titles to arrive at work 20 minutes before each shift begins without pay in order to attend a mandatory management–conducted meeting to receive shift–change instructions, commonly referred to as "buzz sessions."

8. Further, Defendants required each misclassified employee to complete mandatory online training courses on subjects such as anti-money laundering, information and security, responsible gaming, active shooter training, etc. Defendant's required these courses be completed during personal breaks, at home, or on the employee's own time, without compensation.

9. While misclassified as overtime exempt, Plaintiffs and other employees were only paid for a five-day workweek for a total of 40 hours per week. However, Plaintiffs and other employees were often scheduled for a six–day workweek, and often worked more than eight–hours per day. Consequently, Plaintiffs and other employees were not paid for all hours worked, including the appropriate overtime wage at time and one–half their regular hourly rate for their work performed over 40 hours in a week.

10. Defendants' misclassification of Plaintiffs as overtime exempt employees was willful because Defendants knew for at least one year, and likely a considerably greater amount of time, prior to October 2016 that its decision to treat Plaintiffs and other persons in their job title or similar job titles as overtime exempt was not in compliance with the FLSA. Defendants knew this as a result of their own human resources analysis and/or such analysis conducted by their legal counsel and/or as a result of repeated litigation or threats of litigation against Defendants, or their agents, parent and/or subsidiary companies, over misclassification issues. Despite such knowledge, Defendants willfully continued to maintain such misclassified status prior to October 2016.

11. Plaintiffs allege hourly shift employees are entitled by both state and federal law to be paid at the higher of A) their regular rate of pay, or B) the appropriate overtime wage rate for all hours worked—including for the time employees were required to attend pre–shift mandatory meetings.

12. Defendants expressly and impliedly promised Plaintiffs, and all its employees, to pay them for all hours worked, and any term or condition of the employment agreement to the contrary is null and void as contrary to law and a violation of NRS 608.016.

13. Plaintiffs allege such systematic scheduling of pre–shift meetings must be compensated despite the federal Portal–to–Portal Act exception to the Fair Labor Standards Act (FLSA) because this work was necessary to the principal activity performed and done for the benefit of Defendants. *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 902–03 (9th Cir. 2003), *aff'd on other grounds*, 546 U.S. 21 (2005). Additionally, such time was not *de minimis* for the reasons so stated in *Hesseltine v. Goodyear Tire & Rubber Co.,* 391 F.Supp.2d 509, 517 (E.D.Tex 2005) (person to person shift relief policy compensable).

14. Plaintiffs further allege that employee time spent at these mandatory pre–shift company meetings must be compensated under NRS 608.016.

15. And as to those terminated from employment, Plaintiffs allege Defendants' failure to pay for this time worked also violates NRS 608.030, which gives rise to a claim for wages due under NRS 608.030, which gives rise to a claim for wages due under NRS 608.040 for which there is a private cause of action pursuant to NRS 608.050.

## JURISDICTION AND VENUE

16. Pursuant to section 216(b) of the Fair Labor Standards Act, 29 U.S.C.§216(b), this court has original jurisdiction over these claims by PLAINTIFFS MICHAEL D'AMORE, ADAM BYCINA, RICHARD D'HONDT, and all others similarly situated, who file a consent to sue within three years of the acts complained of herein.

17. Venue is proper in this Court because each Defendant resides, the work was performed, and the wages were paid, in Clark County, Nevada.

## PARTIES

18. PLAINTIFF MICHAEL D'AMORE is a resident of Clark County and was employed for more than three years by Defendants, as an hourly–paid Table Games Service Supervisor in its Las Vegas facility.

19. PLAINTIFF ADAM BYCINA is a resident of Clark County and was employed for more than three years by Defendants, as an hourly–paid Table Games Service Supervisor in its Las Vegas facility.

20. PLAINTIFF RICHARD D'HONDT is a resident of Clark County and has been employed for more than three years by Defendants, as an hourly–paid Table Games Service Supervisor in its Las Vegas facility.

21. Defendant CAESARS ENTERPRISE SERVICES, LLC, is a Delaware limited liability company, with its principal executive offices in Las Vegas, Nevada, operates a hotel and casino within the State of Nevada, and is the direct employer of Plaintiffs and hundreds of other similarly–situated hourly–shift employees.

22. Defendant CAESARS ENTERTAINMENT CORPORATION is a Delaware corporation, with its principal executive offices in Las Vegas, Nevada. Upon information and belief, defendant CAESARS ENTERTAINMENT CORPORATION, exercises direct control over the hours and wages of Defendant CAESARS ENTERPRISE SERVICES, LLC, and all similarly–situated hourly–shift employees at all its hotel and casino subsidiaries in Nevada, and is the source of the policy of requiring workers to attend pre–shift meetings without pay complained of herein.

23. Defendants Does 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When the true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously–named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to Defendant or Defendants, refers also to all Defendants sued under fictitious names.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

24. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

25. At all material times mentioned herein, Plaintiff D'AMORE is and was:

(a) An individual who resides in Las Vegas, Nevada;

  (b) Employed as an hourly Table Games Service Supervisor for Defendants, in the State of Nevada;

  (c) Pursuant to a policy originated and implemented by Defendants, Plaintiff was required, suffered and/or permitted to attend pre–shift meetings, which lasted at least 20 minutes each day in order to receive instructions from the on-duty Shift Manager or acting Temporary Shift Supervisor ("TPS") for the benefit of his employer;

  (d) Was not paid for the time spent at such meetings;

  (e) Was not paid a rate of pay equal to or greater than one and one–half his regular hourly rate of pay when he was required, suffered, or permitted to spend this time at such pre–shift meetings which caused him to work more than forty hours in such weeks;

  (f) Is a member of the Collective Class of this Complaint;

  (g) Has signed a consent to sue, which either has been or shortly will be filed in this Court.

26. At all material times mentioned herein, Plaintiff BYCINA is and was:

  (h) An individual who resides in Las Vegas, Nevada;

  (i) Employed as an hourly Table Games Service Supervisor for Defendants, in the State of Nevada;

  (j) Pursuant to a policy originated and implemented by Defendants, Plaintiff was required, suffered and/or permitted to attend pre–shift meetings which lasted at least 20 minutes each day in order to receive instructions from the on-duty Shift Manager or acting Temporary Shift Supervisor ("TPS") for the benefit of his employer;

  (k) Was not paid his for the time spent at such meetings;

  (l) Was not paid a rate of pay equal to or greater than one and one–half his regular hourly rate of pay when he was required, suffered or permitted to spend this time at such pre–shift meetings which caused him to work more than forty hours in such weeks;

  (m) Is a member of the Collective Class of this Complaint;

  (n) Has signed a consent to sue, which either has been or shortly will be filed in this Court.

27. At all material times mentioned herein, Plaintiff D'HONDT is and was:

  (o) An individual who resides in Las Vegas, Nevada;

(p) Employed as an hourly Table Games Service Supervisor for Defendants, in the State of Nevada;

(q) Pursuant to a policy originated and implemented by Defendants, Plaintiff was required, suffered and/or permitted to attend pre–shift meetings which lasted at least 20 minutes each day in order to receive instructions from the on-duty Shift Manager or acting Temporary Shift Supervisor ("TPS") for the benefit of his employer;

(r) Was not paid for the time spent at such meetings;

(s) Was not paid a rate of pay equal to or greater than one and one–half his regular hourly rate of pay when he was required, suffered, or permitted to spend this time at such pre–shift meetings which caused him to work more than forty hours in such weeks;

(t) Is a member of the Collective Class of this Complaint;

(u) Has signed a consent to sue, which either has been or shortly will be filed in this Court.

## NEVADA STATE LAW CLASS ACTION ALLEGATIONS

28. Plaintiffs reallege and incorporate herein by this reference all the paragraphs above in this Complaint is though fully set forth herein.

29. As a Table Games Service Supervisors employed by Defendant CAESARS ENTERTAINMENT CORPORATION, in the state of Nevada, pursuant to a pay and employment policy required by CAESARS ENTERPRISE SERVICES, LLC, of all its subsidiaries within this state, PLAINTIFFS seek to represent classes of all persons who were, are, or will be employed by Defendants as Table Games Service Supervisors who were required, suffered, or permitted to attend pre–shift management meetings without pay.

30. The proposed state law class definition is:

> All persons who were, are, or will be employed by Defendant CAESARS ENTERTAINMENT CORPORATION, as Table Games Service Supervisors in the State of Nevada within six years of the filing of this Complaint until entry of judgment after trial, who were, are, or will be required, suffered or permitted to attend pre–shift meetings by Defendant CAESARS ENTERTAINMENT CORPORATION.

31. Plaintiffs D'AMORE, BYCINA, and D'HONDT are members of the proposed Nevada State Class, are typical of all Table Games Service Supervisors of each Nevada State Class, have a common

issue of law and/or fact with all members of each Nevada State Class in whether the employer does and is legally required to compensate class members for this unpaid pre–shift time, and they will adequately represent the class. The class is easily ascertainable from the records that the employer is required by law to maintain. When available, a true opt–out class action is superior to individual actions, because it would be unjust to allow the Defendants to benefit from their unlawful behavior solely because the cost of litigating individual claims would be prohibitive compared to the expected damages unless aggregated, and because the claims are different legally (i.e., NRS 608.016 has no Portal–to–Portal Act exception), and damages are not the same (i.e. the FLSA does not provide for thirty days of full wages for underpaid, terminated employees as does NRS 608.030/608.040).

## FACTS

32. Defendant CAESARS ENTERPRISE SERVICES, LLC employs hundreds of Table Games Service Supervisor employees like Plaintiffs, who are subject to the same policy of attending non–paid, company required pre–shift meetings.

33. Defendant CAESARS ENTERPRISE SERVICES, LLC established and/or maintains this policy at the directive or upon instruction by defendant CAESARS ENTERTAINMENT CORPORATION.

34. As a result of this policy, all Table Games Service Supervisors employed directly by Defendants must, as a condition of their employment, report to work 20 minutes before their shift begins, without pay, in order to attend a management meeting in which they are given instructions for the operation of their upcoming shift.

35. Upon information and belief, Plaintiffs allege that there have been multiple complaints to the management of Defendants that the policy is unlawful.

36. In October of 2016, Plaintiffs and others with the same and similar job titles were reclassified from exempt to non–exempt employees, although the job duties did not change.

**FIRST CAUSE OF ACTION**
**Violation of Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA")**
**(By Plaintiffs and the Collective Class against Defendants)**

37. Plaintiffs reallege and incorporate by this reference all allegations contained above as though fully set forth herein.

38. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, Plaintiffs and the members of the Collective or Representative Classes are entitled to compensation at their regular rate for all hours actually worked, and are also entitled to wages at a rate not less than one and one–half times their regular rate of pay for all hours worked in excess of forty hours in any workweek.

39. Defendants are engaged in commerce within the meaning of 29 U.S.C. 203(b).

40. Under 29 U.S.C. section 206(a)(1), "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than (A) $5.85 an hour beginning on the 60th day after the enactment of the Fair Minimum Wage Act of 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day.

41. Under 29 U.S.C. section 207(a)(1), in pertinent part: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one–half times that regular rate at which he is employed."

42. There is no exception from the provisions of 29 U.S.C. sections 206(a)(1) and/or 207(a)(1) applicable to the Plaintiffs and all other hourly–shift and/or dual–shift supervisors paid hourly, who comprise the members of the collective and/or representative classes alleged herein.

43. Per 29 U.S.C. section 255, a three–year statute of limitations applies to willful violations of the FLSA.

44. Defendants' unlawful conduct has been widespread, repeated, and willful. Defendants knew or should have known that their policies and practices have been unlawful and unfair.

45. The conduct alleged in this complaint is a part of the principal activity of the Defendants, necessary for its business operations, not incidental, and not *de minimis* individually or in the aggregate.

46. At all relevant times, Defendants failed to pay Plaintiffs and the other members of the Collective and/or Representative Classes their regular rate for all hours worked by not paying them anything for time spent at mandatory management pre–shift meetings.

47. In addition, Defendants failed to pay Plaintiffs and the other members of the Collective and/or Representative Class the minimum wages for all hours worked by not paying them anything for time spent at mandatory management pre–shift meetings.

48. And, when applicable, Defendants failed to pay Plaintiffs and the other members of the Collective and/or Representative Class overtime compensation for the hours they worked in excess of the maximum hours permissible by law as required by section 207 of the FLSA, by not paying them anything for time spent at mandatory management pre–shift meetings.

49. Plaintiffs propose to undertake the appropriate proceedings to have the Collective and/or Representative Class members, aggrieved by Defendants' unlawful conduct, notified of the pendency of this action and join this action as Plaintiffs, pursuant to 29 U.S.C. section 216(b).

50. Therefore, Plaintiffs demand that they and the members of the federal Collective and/or Representative Classes be paid wages at the higher of (1) their regular rate for all hours worked, including time spent at such pre–shift management meetings; (2) the minimum hourly wage for all time spent at such pre–shift management meetings; or (3) when applicable, the appropriate overtime hourly premium rate as required by the FLSA for all time spent at such pre–shift management meetings and other off–the–clock work as provided by law.

51. Because the actions of Defendants were without substantial justification as required by 29 U.S.C. section 260, Plaintiffs request the amount of damages be doubled, not as a penalty, but in lieu of interest and as liquidated damages as provided in 29 U.S.C. section 216(b).

52. Plaintiffs will, and hereby do, seek an order of this Court giving prompt and effective notice to all impacted employees and former employees of their right to become a party Plaintiffs to this

action by filing his or her consent in writing with this Court, and request that the statute of limitations be tolled pending the preparation, court approval, and transmission of such notice.

53. Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendants pay Plaintiffs and all other members of the Collective and/or Representative Classes their minimum hourly wage rate or their regular rate of pay, whichever is greater, for all hours worked during the Class Period together, and any and all applicable overtime premium for hours worked in excess of 40 in a workweek, with liquidated damages, attorneys' fees, costs, and interest as provided by law.

**SECOND CAUSE OF ACTION**
**Breach of Employment Contract and NRS 608.040 *et seq.***
**(By Plaintiffs and the Nevada State Classes against Defendants)**

54. Plaintiffs reallege and incorporate by this reference all allegations contained above as though fully set forth herein.

55. Defendants entered into employment contracts with Plaintiffs, and all its employees, expressed, implied, and/or verbal. The contract required Defendants to pay its hourly employees for all hours worked.

56. NRS 608.016 states "An employer shall pay to the employee wages for each hour the employee works." Hours worked means anytime the employer exercises "control or custody" over an employee. *See* NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee."). Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

57. Any term or condition of the employment agreement to the contrary is null and void as contrary to law and a violation of NRS 608.016.

58. Defendants breached their contract of employment with their employees by not paying them for hours worked in attending pre–shift meetings and doing evaluations—all "off–the–clock".

59. Defendants also breached their employment contract with their employees by not paying them for all hours worked due to a rounding system that consistently favors the employer and is not based upon any inaccuracies of recording the exact times worked.

60. Although NRS 608.016 prohibits any sort of rounding system whereby an employee is not paid for all hours worked, but to the extent the Court wishes to read the Nevada law as consistent with federal administrative regulations, then the time keeping/paying system employed by Defendants does not even meet the rounding requirements of federal law, as articulated is 29 C.F.R. § 785.48.

61. By the acts complained of herein, Defendants have breached their employment contract with all their employees, including all members of the Nevada Substantive State Law classes previously alleged.

62. Wherefore, Plaintiffs demand for themselves, and for all Nevada State Law Substantive Class Members, payment by Defendants at the regular hourly rate of pay for all hours worked during the relevant time period, and any and all applicable overtime premium for hours worked in excess of 40 in a workweek, alleged herein together with attorneys' fees, costs, and interest as provided by law.

63. For all Nevada State Law Substantive Class members who have been terminated from employment without payment for all hours worked attending buzz sessions and/or performing pre–shift work such as employee evaluations and other work, Plaintiffs further pray for 30 days of pay according to their contract of employment as required by NRS 608.030-050, inclusive.

**THIRD CAUSE OF ACTION**
**Violation of NRS 608.016, 608.030, and 608.140**
**(By Plaintiffs and the Nevada State Classes against Defendants)**

64. Plaintiffs reallege and incorporate by this reference all allegations contained above as though fully set forth herein.

65. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

66. NRS 608.016 states "[a]n employer shall pay to the employee wages for each hour the employee works." Hours worked means anytime the employer exercises "control or custody" over an employee. See NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee."). Pursuant to the Nevada Administrative Code, hours worked includes "all time worked

by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

67. By failing to compensate Plaintiffs and Class Members for the time spent engaging in off–the–clock activities identified above, Defendant failed to pay Plaintiffs and Class Members for all hours worked in violation of NRS 608.140 and 608.016.

68. There is no express statute of limitations for violations of NRS 608.140 and 608.016 and, therefore, the three–year statute contained in NRS 11.190(3) for statutory violations applies.

69. Wherefore, Plaintiffs demands for themselves and for all Nevada State Law Class Members payment by Defendant at the regular hourly rate of pay for all hours worked during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## FOURTH CAUSE OF ACTION
### Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018
### (By Plaintiffs and the Nevada State Classes against Defendants)

70. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

71. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

72. NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

73. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

74. By failing to compensate Plaintiffs and Class Members for the time spent engaging in off–the–clock activities previously identified, Defendants failed to pay a weekly premium overtime rate of

pay of time and one half their regular rate for all members of the Class who worked in excess of forty (40) hours in a week, and Defendants also misclassified Plaintiffs and Class Members as salaried workers exempt form overtime payments. At no point did Plaintiffs and Class Members meet the criteria for being classified as exempt from overtime as a matter of law. Plaintiffs did not have the authority to hire and/or fire other employees, and were not managing the business of Defendants. Additionally, Plaintiffs spent less than fifty percent of their work hours on managerial or administrative (exempt) duties; spent more than fifty percent of their work hours on performing non–exempt duties; and lacked discretion and/or independent judgment, and followed exacting and comprehensive company–wide policies and procedures that dictated every aspect of their work day. These actions by Defendants violate NRS 608.140 and 608.018.

75. There is no express statute of limitations for violations for failure to pay overtime rates of pay pursuant to NRS 608.140 and 608.018 and, therefore, the three–year statute contained in NRS 11.190(3) for statutory violations applies.

76. Wherefore, Plaintiffs demand for themselves and for Class Members that Defendants pay Plaintiffs and Class Members one and one half times their "regular rate" of pay for all hours worked in excess of eight (8) hours in a workday and in excess of forty (40) hours a workweek for the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

**FIFTH CAUSE OF ACTION**
**Failure to Timely Pay All Wages Due and Owing Upon Termination**
**Pursuant to NRS 608.140 and 608.020-.050**
**(By Plaintiffs and the Nevada State Classes against Defendants)**

77. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

78. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

79. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

80. NRS 608.030 provides that whenever an employee resigns or quits his or her employment, the wages and compensation earned and unpaid at the time of the employee's resignation or quitting must be paid no later than (1) the day on which the employee would have regularly been paid the wages or compensation; or (2) seven days after the employee resigns or quits, whichever is earlier.

81. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

82. NRS 608.050 grants an "employee lien" to each discharged or laid–off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

83. Although Plaintiffs allege the phrase "agreed upon in the contract" describes only the amount of daily penalties, should the Court consider the phrase to modify the ability to collect waiting penalties to claims of breach of contract, Plaintiffs adopt their earlier statements that every contract for hourly paid employment includes by implication and operation of law a term requiring the employer to pay the stated rate for all hours worked, such that failure to pay for all hours worked is a breach of contract, for which waiting penalties are due at the contractual hourly rate, for 30 days of work.

84. By failing to pay Class Members who are former employees of Defendants for all hours worked in violation of the federal and state laws identified herein, and in breach of the contract to pay for all hours worked at the hourly rate specified by the contract for employment, Defendants have failed to timely remit all wages due and owing to Class Members who are former employees.

85. Wherefore, Plaintiffs demands thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, for all Class Members who have terminated employment from Defendants during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

86. In addition, Plaintiffs have a lien by operation of law on the property known as Caesars Palace Las Vegas at 3570 Las Vegas Boulevard South, Las Vegas, NV 89109, to the full amount of due, and bring this action to foreclose such lien.

## REQUEST AND PRAYER FOR RELIEF

Wherefore Plaintiffs, by themselves and on behalf of all Class Members, pray for relief as follows relating to her collective and class action allegations:

1. For an order conditionally certifying the First Cause of Action as a collective and/or representative Action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and providing notice to all members of the Class so they may participate in this lawsuit;
2. For an order certifying all remaining causes of action as a traditional class action under Federal Rule of Civil Procedure Rule 23 on behalf of each of the Classes alleged;
3. For an order appointing Plaintiffs as the Representatives of the Class and their counsel as Class Counsel;
4. For an order declaring the six-year statute of limitations of NRS 11.190(1)(b) applies to the classes of dual–rate supervisors and hourly shift employee employees who were not paid for all hours worked as required under Nevada state law as alleged herein;
5. For damages according to proof for regular rate pay under federal laws for all hours worked;
6. For damages according to proof for minimum rate pay under federal law for all hours worked;
7. For damages according to proof for premium pay at one and one half the regular rate as overtime compensation under federal law for all hours worked over 40 per week;
8. For liquidated damages pursuant to 29 U.S. C. § 216(b);
9. For damages according to proof for regular rate pay under NRS 608.140 and 608.016 for all hours worked;
10. For damages according to proof for minimum wage rate pay under the Nevada Constitution for all hours worked;

11. For damages according to proof for overtime compensation under NRS 608.140 and 608.018 for all hours worked for those employees who earned a regular rate of less than one and one half times the minimum wage for hours worked in excess of 8 hours per day and/or for all subclass members for overtime premium pay of one and one half their regular rate for all hours worked in excess of 40 hours per week;

12. For thirty days of waiting time penalties pursuant to NRS 608.140 and 608.040-.050;

13. For interest as provided by law at the maximum legal rate;

14. For reasonable attorneys' fees authorized by statute;

15. For costs of suit incurred herein;

16. For pre–judgment and post–judgment interest, as provided by law, and

17. For such other and further relief as the Court may deem just and proper.

Dated: October 15, 2018

**Leon Greenberg, P.C.**

By: ___/s/ Leon Greenberg___
Leon M. Greenberg, NV Bar No. 8094
2965 South Jones Boulevard, Suite E–3
Las Vegas, NV 89146
Tel.: 702.383.6085

**THE MARKHAM LAW FIRM**
David R. Markham, CA Bar # 071814
Maggie Realin, CA Bar # 263639
Michael J. Morphew, CA Bar # 304463
750 B Street, Suite 1950
San Diego, CA 92101
Tel: 619.399.3995
(Pending Pro Hac Vice Admission)

*Attorneys for Plaintiffs*