Leon M. Greenberg, NV Bar No. 8094
*leongreenberg@overtimelaw.com*
**Leon Greenberg, P.C.**
2965 South Jones Boulevard, Suite E–3
Las Vegas, NV 89146
Tel.: 702.383.6085; Fax: 702.385.1827

David R. Markham CA Bar No. 071814
*dmarkham@markham-law.com*
Maggie Realin CA Bar No. 263639
*mrealin@markham-law.com*
Michael J. Morphew CA Bar No. 304463
*mmorphew@markham-law.com*
**THE MARKHAM LAW FIRM**
750 B Street, Suite 1950
San Diego, CA  92101
Tel.: 619.399.3995; Fax: 619.615.2067

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL D'AMORE, ADAM BYCINA, and RICHARD D'HONDT, on behalf of themselves, and all others similarly situated,<br><br>                  Plaintiffs,<br>v.<br><br>CAESARS ENTERPRISE SERVICES, LLC, CAESARS ENTERTAINMENT CORPORATION, and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case Number: 2:18-cv-01990-JCM-VCF<br><br>CLASS ACTION AND COLLECTIVE ACTION COMPLAINT<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

# TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................................... 1

II.   ARGUMENT ............................................................................................................. 3

    A. STANDARDS OF REVIEW............................................................................................ 3

       1. Federal Rule of Civil Procedure 12(b)(1) ........................................................ 3

       2. Federal Rule of Civil Procedure 12(b)(6) ........................................................ 3

    B. PLAINTIFFS' CLAIMS AGAINST CEC ........................................................................ 5

       1. Plaintiffs Allege in the Complaint CEC Employee Policies, Which is Sufficient to Survive a Motion to Dismiss Under the Joint Employment Test .................................. 5

       2. Defendant CEC Meets Elements of the Joint Employer Test ......................................... 6

    C. FIRST CAUSE OF ACTION ADEQUATELY STATES CLAIMS UNDER FLSA............................ 7

       1. It is Unsettled Law Whether Straight Time/Regular Rate of Pay is Actionable Under FLSA, Thus Plaintiffs' Claims Should Not be Dismissed ................................. 7

       2. Minimum Wage ................................................................................... 8

       3. Misclassification ................................................................................ 9

    D. THIRD, FOURTH, AND FIFTH CAUSES OF ACTION HAVE A THREE YEAR STATUTE OF LIMITATIONS UNDER NEVADA LAW ..................................................................... 10

    E. FIFTH CAUSE OF ACTION FOR WAITING TIME PENALTIES PROPERLY STATES A CLAIM .... 12

    F. SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT IS <u>NOT</u> PREEMPTED BY FLSA OR NEVADA LAW ............................................................................................. 13

       1. No Preemption Under FLSA ................................................................... 15

       2. No Preemption Under Nevada Law ........................................................... 17

III.  CONCLUSION ...................................................................................................... 18

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

**Cases**

*Adair v. City of Kirkland*, 185 F.3d 1055 (9th Cir. 1999) ................................................... 9

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) ............................................ 22

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................... 4

*Ayala v. Frito Lay, Inc.,* 263 F.Supp.3d 891 (E.D. Cal. 2017) ........................................... 14

*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (1981) ........................... 21

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 4

*Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev. 328 (2013) ....................................... 15

*Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465 (9th Cir. 1983) ................... 7, 8

*Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009) ............................................................... 8

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009) ...................................... 4

*Britain v. Clark Cty., Nev.*, No. 2:12-CV-1240-JAD-NJK, 2014 WL 294315

(D. Nev. Jan. 23, 2014) ...................................................................................................... 6

*Cardoza v. Bloomin' Brands, Inc.*, No. 2:13-CV-01820-JAD, 2014 WL 3748641, at *5

(D. Nev. July 30, 2014) ...................................................................................................... 5

*Castillo v. W. Range Ass'n*, No. 316CV00237RCJVPC, 2017 WL 1364584

(D. Nev. Apr. 13, 2017) .................................................................................................... 15

*Chang v. Biosuccess Biotech Co., Ltd.*, 76 F.supp.3d 1022 (C.D. Cal. 2014) ............................ 13

*Cipollone v. Liggett Group*, 505 U.S. 504 (1992) ........................................................... 19

*D'Angelo v. Gardner*, 107 Nev. 704, 819 P.2d 206 (1991) ............................................ 19

*Daprizio v. Harrah's Las Vegas, Inc.*, No. 2:10-CV-00604-GMN, 2010 WL 5099666

(D. Nev. Dec. 7, 2010) .............................................................................................. 18, 20

*De Canas v. Bica*, 424 U.S. 351 (1976) ............................................................................ 19

*Donovan v. Crisostomo*, 689 F.2d 869 (9th Cir. 1982) ................................................... 10

*E.E.O.C. v. McCarthy*, 768 F.2d 1 (1st Cir. 1985) .......................................................... 12

*Evans v. Wal-Mart Stores, Inc.*, 656 F. App'x 882 (9th Cir. 2016) ............................... 16

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Gilmer v. Alameda-Contra Costa Transit Dist.*, No. C 08-05186 CW, 2011 WL 5242977

    (N.D. Cal. Nov. 2, 2011) ........................................................................................ 10

*Grondal v. United States*, 2012 U.S. Dist. LEXIS 19398 (E.D. Wash. Feb. 16, 2012) .................. 3

*Hardy Cos., Inc. v. SNMARK, LLC,* 245 P.3d 1149 (Nev.2010) ........................................ 22

*Hawaiian Airlines v. Norris*, 512 U.S. 246 (1994) ...................................................... 19

*Hawkins v. Kroger Co.*, 906 F.3d 763 (9th Cir. 2018) ................................................. 3

*Helm v. Alderwoods Grp., Inc.*, 696 F. Supp. 2d 1057 (N.D. Cal. 2009) ............................ 6, 23

*Johnson v. Serenity Transportation, Inc.*, 141 F. Supp. 3d 974 (N.D. Cal. 2015) ................ 7, 8

*Lambert v. Ackerley,* 180 F.3d 997 (9th Cir.1999) ..................................................... 8

*Lamon v. City of Shawnee, Kan.*, 972 F.2d 1145 (10th Cir. 1992) .................................. 9

*Lucas v. Bell Trans*, 773 F. Supp. 2d 930 (D. Nev. 2011) .......................................... 16

*McCalden v. California Library Ass'n*, 955 F.2d 1214 (9th Cir. 1990) ............................ 5, 6

*McDonagh v. Harrah's Las Vegas, Inc.*, No. 2:13-CV-1744 JCM CWH, 2014

    WL 2742874 (D. Nev. June 17, 2014) .................................................................. 17

*Medtronic, Inc, v. Lohr*, 518 U.S. 470 (1996) ......................................................... 19

*Monahan v. Cty. of Chesterfield, Va.*, 95 F.3d 1263 (4th Cir. 1996) ............................... 9

*Moreau v. Air France*, 356 F.3d 942 (9th Cir. 2004) .................................................. 7

*Neville v. Eighth Judicial Dist. Court of Nev.* 406 P.3d 499 (Nev. 2017) ........................ 16

*Nissenbaum v. NNH Cal Neva Servs. Co., LLC*, 983 F. Supp. 2d 1234 (D. Nev. 2013) ........... 7

*Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1 (1st Cir. 2011) ................................. 4

*Orquiza v. Walldesign, Inc.*, No. 2:11-CV-1374 JCM CWH, 2012 WL 2327685

    (D. Nev. June 19, 2012) ................................................................................ 16

*Oxygenated Fuels Association v. Davis*, 331 F.3d 665 (9th Cir. 2003) ............................ 19

*Pacific Merchant Shipping Association v. Aubry*, 918 F.2d 1409 (9th Cir. 1990) ................ 21

*Padilla v. Yoo*, 678 F.3d 748 (9th Cir. 2012) ......................................................... 3

*Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184 (N.D. Cal. 2014) ............................... 9

*Perry v. Terrible Herbst, Inc.*, 383 P.3d 257 (Nev. 2016) .......................................... 14

*Pineda v. Bank of Am. N.A.*, 50 Cal.4th 1389 (2010) ................................................ 13

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011) ....................................................... 22

*Porteous v. Capital One Servs. II, LLC*, No. 217CV2866JCMGWF, 2018 WL 3469016

    (D. Nev. July 17, 2018) ................................................................................................................ 18

*Reich v. Midwest Body Corp.,* 843 F.Supp. 1249 (N.D.Ill.1994) ................................................. 10

*Rescuecom Corp. v. Google Inc.*, 562 F.3d 123 (2nd Cir. 2009)..................................................... 4

*Ribot v. Farmers Ins. Grp.*, No. CV1102404DDPFMOX, 2011 WL 13128072

    (C.D. Cal. Nov. 23, 2011) ............................................................................................................ 18

*Roces v. Reno Hous. Auth.*, 300 F. Supp. 3d 1172 (D. Nev. 2018) ............................................... 14

*Schmitt v. State of Kan.*, 864 F. Supp. 1051 (D. Kan. 1994) ......................................................... 10

*Sheffer v. U.S. Airways, Inc.*, 107 F.Supp.3d 1074 (D. Nev. 2015).............................................. 12

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ................................................................................. 4

*State of Nevada Employees' Association v. Bryan*, 916 F.2d 1384 (9th Cir. 1990)...................... 22

*Steiner v. Mitchell*, 350 U.S. 247 (1956) ...................................................................................... 22

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)........................................................................ 4

*Takacs v. A.G. Edwards & Sons, Inc.*, 444 F. Supp. 2d 1100 (S.D. Cal. 2006) ........................... 23

*Torres–Lopez v. May,* 111 F.3d 633 (9th Cir.1997) ..................................................................... 6, 7

*United States v. LSL Biotechnologies*, 379 F.3d 672 (9th Cir. 2004) ................................. 6, 11, 24

*Valdez v. Cox Commc'ns Las Vegas, Inc.*, No. 2:09-CV-01797-PMP, 2012

    WL 1203726 (D. Nev. Apr. 11, 2012) ......................................................................................... 7

*Vaughn v. Bay Envtl. Mgmt., Inc.*, 567 F.3d 1021 (9th Cir. 2009) ...................................... 3, 6, 24

*Walser v. Moran*, 173 P. 1149 (Nev. 1918) ................................................................................... 17

*Wang v. Chinese Daily News, Inc.*, 623 F.3d 743 (9th Cir. 2010)................................................. 17

*White v. Davis*, 30 Cal. 4th 528 (2003) ......................................................................................... 10

*Williamson v. General Dynamics Corp.*, 208 F.3d 1144 (9th Cir. 2000) .................. 19, 20, 21, 23

*Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899 (7th Cir. 2004) ................................. 5, 6

*Zheng v. Liberty Apparel Co. Inc.,* 355 F.3d 61 (2d Cir.2003).................................................... 8

**Statutes**

29 U.S.C. § 203(d) ........................................................................................................................... 8

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

29 U.S.C.A. § 255(a) ......................................................................................... 12

NRS 11.190 .............................................................................................. 12, 13

NRS 608.012 ..................................................................................................... 16

NRS 608.016 ..................................................................................................... 12

NRS 608.018 ..................................................................................................... 12

NRS 608.020 ..................................................................................................... 12

NRS 608.040 .............................................................................................. 13, 16

NRS 608.050 ..................................................................................................... 13

NRS 608.260 ..................................................................................................... 13

**Rules**

Fed. R. Civ. P. 12(b)(1) ....................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 3

Fed. R. Civ. P. 8(a) ............................................................................................. 5

Fed. R. Civ. P. 8(d) ............................................................................................. 5

**Treatises**

SCHWARZER, ET AL., FED. CIV. P. BEFORE TRIAL § 9:183 (Rutter Group 2012) ............. 4

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Plaintiffs Michael D'Amore, Adam Bycina, and Richard D'Hondt, by and through their

counsel of record, hereby oppose Defendants' motion to dismiss this action, based on the

following Memorandum, and any oral arguments permitted by the Court.

## I.   INTRODUCTION

Plaintiffs have properly and adequately pled their causes of action against Defendants.

Defendants' motion raises the following issues: standing as to Caesars Entertainment

Corporation ("CEC"); adequacy of claim against Defendant CEC; adequacy of claims under the

Fair Labor Standards Act ("FLSA") for straight time ("Gap Time"), minimum wage,

misclassification; applicable statute of limitations; adequacy of waiting time claims; and whether

Plaintiffs' claims are preempted by FLSA and/or state statutes. Each argument fails, and

Defendants' motion should be denied in its entirety.

First, Defendant CEC attempts to shirk responsibility with claims that it does not have

many employees, and is just a holding company. However, parent companies are famous for

establishing processes and procedures that subsidiaries are required to follow. And under FLSA,

parent companies, even corporate officers, may be held liable for violations of FLSA. The facts

pleaded include allegations CEC created and imposed the policies and procedures implemented

by Defendant Caesars Enterprise Services. Defendant claims more than six employees are

needed to achieve the imposition of policies and procedures or to impose liability is without

merit or support.

Defendants' position that Plaintiffs' claims are preempted by FLSA and/or state statutes

is also without merit. There is a well–established body of law in this circuit and the Ninth Circuit

explaining there is no preemption of Plaintiffs' breach of contract claims. Additionally,

Defendants make much of conflict preemption, but fail to identify any obstacle to complying

with FLSA as well as with minimum wage and overtime under state laws or common law.

As for the adequacy of FLSA claims for straight time ("Gap Time"), minimum wage, and

misclassification, Plaintiffs have adequately pled these claims. It is unsettled law in this district

as to whether employees may seek recovery of straight–time wages under FLSA, when

employees work 40–hours or less in a week, and their average salary is above the minimum

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

wage. However, Plaintiffs believe this argument is largely academic because Defendants scheduled Plaintiffs and putative class members for eight–hour shifts, and Plaintiffs and putative class members were usually scheduled for 40–hours in a week. Therefore, most or all of the unpaid time Plaintiffs and putative class members were required to work off–the–clock will likely be categorized as overtime.

Defendants also attempt to shorten the statute of limitations applicable to the alleged Nevada state law causes of actions by misapplying the limitations period from a Nevada statute not at issue in this case—NRS 608.260, which has its own separate statute of limitations written into that statute—to the claims at bar, and completely omitting the facts as pled in the complaint, making Defendants' arguments regarding a two–year statute of limitation without merit. The applicable Nevada statutes do not contain their own statute of limitation, so the three–year statute of limitations applies. Case law confirms the fact that there is a three–year statute of limitations for Plaintiffs claims under the Nevada Revised Statutes for most statutory wage and hour violations.

As for misclassification statute of limitations, Plaintiffs' complaint specifically states Defendants knew of the misclassification for at least one year prior to re–classifying Plaintiffs and the putative class. Defendants ignore this fact, and cite to the date of the reclassifications, thus ignoring the portion of the Plaintiffs' allegations giving rise to the three–year statute of limitations. As for the breach of written contract claims, there is a six–year statute of limitations.

Plaintiffs have also adequately pled their waiting time claims. Wages and compensation owed to Plaintiffs and the putative class arise from the work they performed. Defendants' claims that derivative claims are not allowed—because the wages at issue have yet to be adjudicated—is nonsensical, and would abrogate the Legislature's efforts to encourage timely payment of wages by employers.

//

//

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## II.   ARGUMENT

**A.   STANDARDS OF REVIEW**

1.   <u>Federal Rule of Civil Procedure 12(b)(1)</u>

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." (*See* FED. R. CIV. P. 12(b)(1).) A Rule 12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or a lack of any factual support for subject matter jurisdiction despite the pleading's sufficiency (factual attack). (*See Grondal v. United States*, 2012 U.S. Dist. LEXIS 19398, at *11-13 (E.D. Wash. Feb. 16, 2012) (Quackenbush, J.).)

However, "a dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim rather than a dismissal for lack of subject matter jurisdiction." (*Vaughn v. Bay Envtl. Mgmt., Inc.*, 567 F.3d 1021, 1022 (9th Cir. 2009), *see also Hawkins v. Kroger Co.*, 906 F.3d 763, 768 (9th Cir. 2018).) Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." (*See* Fed. R. Civ. P. 12(b)(6).)

As Defendants have not posed any arguments regarding subject matter jurisdiction, review under FRCP 12(b)(1) is not applicable to this motion, and Defendants are not allowed to rely on information that is outside the "four corners" of the complaint.

2.   <u>Federal Rule of Civil Procedure 12(b)(6)</u>

For a 12(b)(6) motion, "all well-pleaded allegations of material fact [are accepted as true] and construe[d] in the light most favorable to the non-moving party." (*Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012).) Foremost, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*) The court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." (*Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009) ("*Rescuecom*"); *Twombly*, 550 U.S. at 556, quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S.

506, 508, n.1 (2002), "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.").)

All reasonable inferences from the facts alleged are drawn in plaintiff's favor in determining whether the complaint states a valid claim. (*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009), "*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(d) practice.") When a complaint's factual allegations are capable of more than one inference, the court must adopt whichever plausible inference supports a valid claim. (*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).) Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable, and that a recovery is very remote and unlikely." (*Twombly*, 550 U.S. at 556.)

The court may not "attempt to forecast a plaintiff's likelihood of success on the merits." (*Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12–13 (1st Cir. 2011) (emphasis added).) It is no wonder that even after *Twombly* and *Iqbal*, "dismissals for failure to state a claim have a high reversal rate on appeal." (SCHWARZER, ET AL., FED. CIV. P. BEFORE TRIAL § 9:183 (Rutter Group 2012).)

Furthermore, the courts are to keep in mind that "[e]ach allegation must be simple, concise, and direct;" *not* complex or overly-detailed. (Fed. R. Civ. P. 8(d) (emphasis added).) Indeed, the Rules instruct the complaint must be narrowed to "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. P. 8(a).) Complaints may not be dismissed for omitting information about defenses. (*Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).)

In light of the above principles espoused in Rule 8 and in *Twombly* and its progeny, courts in this circuit and district repeatedly decline to dismiss wage and hour claims at the pleading stage. To require Plaintiffs to allege the details Defendants demand would essentially impose a heightened pleading standard akin to FRCP 9, which requires plaintiffs to plead certain claims, elements, and allegations "with particularity." (*Cardoza v. Bloomin' Brands, Inc.*, No. 2:13-CV-01820-JAD, 2014 WL 3748641, at *5 (D. Nev. July 30, 2014).)

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1    Here, Plaintiffs allege facts that, if established, entitle Plaintiffs to relief under each cause

2    of action challenged by Defendants' Motion. Further, Plaintiffs had no duty to plead around

3    Defendants' statute of limitations argument. (*Xechem*, 372 F.3d at 901; *McCalden*, 955 F.2d at

4    1219.) Defendants' Rule 12(b)(6) motion to dismiss should be denied.

5    **B.    PLAINTIFFS' CLAIMS AGAINST CEC**

6        A question of standing is properly viewed as failure to state a claim under FRCP

7    12(b)(6). "The nature of Rule 12(b)(6) does not allow courts to reach "matters outside the

8    pleading" without following the summary judgment procedures of Rule 56." (*United States v.*

9    *LSL Biotechnologies*, 379 F.3d 672, 699 (9th Cir. 2004).) Defendants' attempt to introduce

10   exhibits in support of their argument is improper as this is a motion to dismiss, not a motion for

11   summary judgment. Defendants admit their argument is for lack of standing, which is a request

12   to dismiss for failure to state a claim, not an issue of subject matter jurisdiction. (*Vaughn v. Bay*

13   *Envtl. Mgmt., Inc., supra*, 567 F.3d at 768.)

14       1.   Plaintiffs Allege in the Complaint CEC Employee Policies, Which is Sufficient to
           Survive a Motion to Dismiss Under the Joint Employment Test

15

16       Defendant CEC takes the position that Plaintiffs' do not have standing to bring the

17   alleged claims against that entity, and seek a motion to dismiss, stating among other things, that

18   it is just a holding company. However, this district recognizes "[a]n employee can have more

19   than one FLSA employer as a matter of law." (*Britain v. Clark Cty., Nev.*, No. 2:12-CV-1240-

20   JAD-NJK, 2014 WL 294315, at *2 (D. Nev. Jan. 23, 2014), citing *Torres–Lopez v. May,* 111

21   F.3d 633, 638 (9th Cir.1997).) "[Defendant] is also incorrect in its categorical assertion that

22   a holding company cannot be liable for the acts of its subsidiaries." (*Helm v. Alderwoods Grp.,*

23   *Inc.*, 696 F. Supp. 2d 1057, 1067 (N.D. Cal. 2009).)

24       "The Court applies an "economic reality" test to determine whether a joint employment

25   relationship exists." (*Nissenbaum v. NNH Cal Neva Servs. Co., LLC*, 983 F. Supp. 2d 1234, 1239

26   (D. Nev. 2013), citing *Torres–Lopez v. May,* 111 F.3d 633, 638 (9th Cir.1997).) Courts generally

27   cite to two cases for the factors of the test, *Bonnette v. California Health & Welfare Agency*, 704

28   F.2d 1465, 1470 (9th Cir. 1983) (*abrogated on other grounds by Garcia v. San Antonio Metro.*

     *Transit Auth.*, 469 U.S. 528, 105 S. Ct. 1005, 83 L. Ed. 2d 1016 (1985)) and *Torres–Lopez v.*

1   *May,* 111 F.3d 633 (9th Cir.1997) "At the motion to dismiss stage, a plaintiff need only allege

2   facts demonstrating some of the *Bonnette* or *Torres–Lopez* factors to survive." (*Johnson v.*

3   *Serenity Transportation, Inc.*, 141 F. Supp. 3d 974, 990 (N.D. Cal. 2015).)

4        There are over a dozen regulatory and non–regulatory factors to be considered when

5   evaluating the joint employment status, including: controlling employment conditions,

6   determining pay rates and methods, nature and degree of control of employees, and direct or

7   indirect supervision. (*Moreau v. Air France*, 356 F.3d 942, 947–48 (9th Cir. 2004), citing

8   *Torres–Lopez v. May*, 11 F.3d 633, 640 (9th Cir. 1997).) Further, it is not a "mechanical" test,

9   and other factors should be considered because "[u]ltimately, the determination is "based upon

10   the circumstances of the whole activity." (*Valdez v. Cox Commc'ns Las Vegas, Inc.*, No. 2:09-

11   CV-01797-PMP, 2012 WL 1203726, at *2 (D. Nev. Apr. 11, 2012), citing *Bonnette v. California*

12   *Health & Welfare Agency*, *supra*, 704 F.2d at 1470, citing 29 U.S.C. § 203(d).) Also, no single

13   factor is dispositive. (*Zheng v. Liberty Apparel Co. Inc.,* 355 F.3d 61, 76 (2d Cir.2003).)

14        The *Bonnette* court also analyzed the statutory definition of "employer." "Employer"

15   includes any person acting directly or indirectly in the interest of an employer in relation to an

16   employee . . . ." (*Bonnette, supra,* 704 F.2d at 1469.) "This definition is "not limited by the

17   common law concept of 'employer,' but 'is to be given an expansive interpretation in order to

18   effectuate the FLSA's broad remedial purposes.'" (*Lambert v. Ackerley,* 180 F.3d 997, 1011–12

19   (9th Cir.1999) (en banc), quoting *Bonnette supra,* 704 F.2d at 1469.) This expansive

20   interpretation includes situations where corporate owners and officers are personally held liable

21   as "employers" under FLSA. In *Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009), the court cited

22   several examples of corporate officers being individually held liable as an employer under the

23   expansive definition applicable to FLSA. (*Id.* at 1091; citing *Lambert,* 180 F.3d at 1001-02,

24   1012.) The expansive definition encompasses the situation in the case at bar, where a parent

25   company created and implemented employment policies and procedures.

26       2.  <u>Defendant CEC Meets Elements of the Joint Employer Test</u>

27        As stated previously, Plaintiffs need only allege facts showing some of the *Bonnette* or

28   *Torres–Lopez* factors to survive a motion to dismiss. (*Johnson v. Serenity Transportation, Inc.,*

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*supra,* 141 F. Supp. at 990.) Here, Plaintiffs allege CEC controlled the employment practices and policies (ECF No. 1, ¶ 29); the policy of attending non–paid, company required pre–shift meetings was established and/or maintained by direction of CEC (*Id*. at ¶¶ 32-33); and "exercises direct control over the hours and wages of Defendant CAESARS ENTERPRISE SERVICES, LLC, and all similarly–situated hourly–shift employees at all its hotel and casino subsidiaries in Nevada, and is the source of the policy of requiring workers to attend pre–shift meetings without pay complained of herein (*Id*. at ¶ 22.)

Plaintiffs allege facts showing some of the factors, including the control of work conditions, employment policies and practices, and work schedules. Plaintiffs have adequately pled sufficient facts for joint employment to survive a motion to dismiss, therefore Defendants' motion should be dismissed.

**C.    FIRST CAUSE OF ACTION ADEQUATELY STATES CLAIMS UNDER FLSA**

    1.    It is Unsettled Law Whether Straight Time/Regular Rate of Pay is Actionable Under FLSA, Thus Plaintiffs' Claims Should Not be Dismissed

Plaintiffs seek recovery of wages for time spent working off–the–clock under 40–hours in a work week. This is referred to "as a "gap time" claim: one for uncompensated hours worked that fall between the minimum wage and the overtime provisions of the FLSA. (*Adair v. City of Kirkland*, 185 F.3d 1055, 1062 (9th Cir. 1999).) Circuit courts are split on the issue of gap time. (*Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1188 (N.D. Cal. 2014).) In 1992, the Tenth Circuit held gap time was compensable when employees did not work over 40–hours in a week." (*Lamon v. City of Shawnee, Kan.*, 972 F.2d 1145, 1155 (10th Cir. 1992).) In 1996, the Fourth Circuit held there is no claim gap time, under the FLSA (*Monahan v. Cty. of Chesterfield, Va.*, 95 F.3d 1263, 1279-1282 (4th Cir. 1996).) Additionally, **it is unsettled law** in the Ninth Circuit as to whether "gap time" may be asserted under FLSA. (*Adair v. City of Kirkland*, 185 F.3d 1055, 1062, Fn.6 (9th Cir. 1999), "It is not clear that a gap time claim may be asserted under the FLSA . . . .".)

The purpose for overtime wages is to spread employment to a wider work force by discouraging employment practices requiring over 40–hours per week, per employee; "and to compensate employees for the strain of working long hours." (*Donovan v. Crisostomo*, 689 F.2d

869, 876 (9th Cir. 1982).) Allowing employers "to reduce straight time pay during overtime weeks, the employer could effectively eliminate the premium paid for overtime," undermining the policy goals of the FLSA's overtime provision." (*Gilmer v. Alameda-Contra Costa Transit Dist.*, No. C 08-05186 CW, 2011 WL 5242977, at *14 (N.D. Cal. Nov. 2, 2011), citing *Donovan v. Crisostomo*, 689 F.2d 869, 876 (9th Cir. 1982).) This is because the "extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all straight time compensation due him for the nonovertime hours under his contract (express or implied) or under any applicable statute has been paid." (*White v. Davis*, 30 Cal. 4th 528, 577 (2003), citing 29 C.F.R. § 778.315.)

This is consistent with the views of other courts holding that employers must pay the regular rate for all non–overtime hours for workweeks when employees also worked overtime hours. (*Schmitt v. State of Kan.*, 864 F. Supp. 1051, 1061 (D. Kan. 1994), citing *Reich v. Midwest Body Corp.,* 843 F.Supp. 1249, 1251–52 (N.D.Ill.1994), stating "[o]vertime pay, as required by the FLSA, has not been paid unless both straight time pay and overtime pay have been fully paid and have been paid based on an employee's regular rate".)

Again, Plaintiffs allege in the complaint they and the putative class were usually scheduled for eight–hour shifts and likely worked in excess of 40–hours per week, and at this stage the factual allegations in the complaint are considered true. Thus adjudicating unsettled law on a motion to dismiss is premature and potentially moot—once parties have had a chance to conduct discovery, the issue may resolve itself. Considering the circuit split and unsettled law in this circuit, Plaintiffs have adequately pled a cause of action for regular rate of pay for hours worked under FLSA.

2.  <u>Minimum Wage</u>

Defendants improperly invite the Court to consider matters outside the pleadings, and convert a motion to dismiss into a motion for summary judgment without invoking Rule 56 procedures. (*See United States v. LSL Biotechnologies*, 379 F.3d 672, 699 (9th Cir. 2004).) As discovery in this matter has not yet started, and Plaintiffs are not in possession of the documents

needed for an expert to opine as to how many workweeks fall below the applicable minimum wage standard.

Even if the Court is persuaded to review Defendants' math, the Defendants' equation is faulty. Defendants claim there is no standing based on the average weekly salary when dividing the annual salary by 52 weeks. This is erroneous because a weekly average of an annual salary fails to account for weekly fluctuations in pay where an employee might make more than the average one week, and less than minimum wage based on hours worked in another week.

However, as previously stated, considering matters outside the pleadings and calculating how much each employee makes per hour, and per week of their employment history is a subject for expert testimony, and properly reviewable by the Court via a motion for summary judgment under Rule 56.

3.  Misclassification

The statute of limitations for a misclassification claim under FLSA is two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued; . . . ." (29 U.S.C.A. § 255(a).)

"The test is whether the employer knew or had reason to know that the [Fair Labor Standards Act] was applicable to its employment practices. Neither bad faith nor knowledge that a particular practice violates the Act is required." (*E.E.O.C. v. McCarthy*, 768 F.2d 1, 5 (1st Cir. 1985).)

Here, Plaintiffs pled on knowledge and belief that Defendants knew their decision to treat Plaintiffs and the putative class as overtime exempt was not in compliance with FLSA for "at least one year, and likely a considerably greater amount of time prior to October 2016 . . . ." (ECF No. 1, ¶10.) Hence, Defendants knew in October 2015, if not before, that Plaintiffs were misclassified. Under FLSA and applicable law, Plaintiffs properly pled Defendants' actions were willful violations, and as such, subject to the three–year statute of limitations.

Plaintiffs have properly pled their misclassification claim, including the applicable three–year statute of limitations, and Defendants' request for dismissal should be denied.

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**D.** **THIRD, FOURTH, AND FIFTH CAUSES OF ACTION HAVE A THREE YEAR STATUTE OF LIMITATIONS UNDER NEVADA LAW**

Plaintiffs' claims have a three–year statute of limitations. Under NRS 11.190, the limitations period is three years for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." (NRS 11.190(3).) Plaintiffs assert violations of NRS 608.016 (straight time), NRS 608.018 (overtime), and NRS 608.020-050 (waiting time penalty)—liabilities created by statute. Absent specific language within these specific statutes, the three–year general limitations period under 11.190 applies. (*See Sheffer v. U.S. Airways, Inc.*, 107 F.Supp.3d 1074, 1078 (D. Nev. 2015).) As such, Defendants' request for dismissal is without merit, and the request should be denied.

Even though NRS 608.040 and 608.050 are for waiting time "penalties," the statutory remedy is wages. Under NRS 608.040, the remedy is for "wages or compensation of the employee . . . ." (*Id.*) And under NRS 608.050, "each of the employees may charge and collect wages . . . ." (*Id.*) Other wage recovery statutes apply a three–years statute of limitations under NRS 11.190(3). Had the legislature intended for NRS 608.040 and 608.050 to have a limitations period other three years, the legislature could have included wording to accomplish that intent— as was done in NRS 608.260, which expressly includes its own limitations period. (*See* NRS 608.260, "at any time within 2 years, . . . .".) As with other wage and hour statutes, where there is no express statute of limitations for violations, the three–year statute contained in NRS 11.190(3) for statutory violations applies.[1]

This interpretation of waiting time penalties having a three–year statute of limitations is consistent with other districts in the Ninth Circuit. California for example has a similar statute for waiting time penalties, and courts hold "a three–year statute of limitations applies to "[a]n action upon a liability created by statute other than a penalty or forfeiture" (*Chang v. Biosuccess*

---

[1] It should be noted other defendants in Nevada say a four–year statute of limitations for NRS 608.050 is potentially applicable under NRS 11.190(c). (*See Evans v. Wal–Mart Stores, Inc.*, 656 F. App'x 882 (9th Cir. 2016), Case No. 2:10–cv–01224–JCM–VCF at ECF No. 110, p. 4:21–5:2, "The statute of limitations on claims brought under NRS 608.050 is not set forth in the statute itself and thus it is, at most, four years under Nevada's catch–all provision.")

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

*Biotech Co., Ltd.*, 76 F.supp.3d 1022, 1052 (C.D. Cal. 2014), citing *Pineda v. Bank of Am. N.A.*, 50 Cal.4th 1389, 1395 (2010), see also *Ayala v. Frito Lay, Inc.,* 263 F.Supp.3d 891, 914 (E.D. Cal. 2017), holding a three–year statute of limitations applies to waiting time penalties.)

Defendants' attempt to shorten the statute of limitations by analogizing *Perry v. Terrible Herbst, Inc.*, 383 P.3d 257 (Nev. 2016) ("*Perry*") is flawed for three reasons. First, in *Perry*, the question was the applicable statute of limitation for enforcement of part of the state's constitution that did not contain and had no provision for a limitations period. Second, the state statute mirroring the constitutional amendment had a specific limitations period. Third, the plaintiff in *Perry* sought to apply the four–year limitations period from NRS 11.220, whereas the Plaintiffs in the case at bar apply the three–year limitations period from NRS 11.190(3).

The Minimum Wage Amendment (MWA) added to the state's constitution in 2006 contained no limitations period. (*Id.* at 262.) Prior to the MWA, NRS 608.260 was the statutory method for enforcement of the applicable minimum wage. The MWA essentially codified the state statute into the state's constitution. In NRS 608.250, the legislature included a specific statute of limitations—one shorter than provided under NRS 11.190(3).

Finally, the *Perry* plaintiff sought to apply the four–year limitations period from NRS 11.220, which provides limitations for "[a]ction for relief not otherwise provided for." (NRS 11.220.) The statute was theoretically applicable to the MWA because relief was not otherwise provided for. However, unlike the MWA, the statutes at issue in this case have limitations provided for in NRS 11.190(3). As such, the *Perry* analysis is not applicable to the case at bar.

Defendant also claims other Circuit Courts apply a two–year statute of limitations to violations of NRS 608.018 (overtime). Defendants cite to *Roces v. Reno Hous. Auth.*, 300 F. Supp. 3d 1172, 1179 (D. Nev. 2018) in support of their two–year limitations position. However, *Roces* never addresses NRS 608.018, but does specifically state the MWA has a two–year limitations period. (*Id.* at 1179.) Similarly, the court in *Castillo v. W. Range Ass'n*, No. 316CV00237RCJVPC, 2017 WL 1364584 (D. Nev. Apr. 13, 2017) recognized a two–year statute of limitations for claims arising under the MWA. (*Id.* at *9.) Neither *Roces* nor *Castillo* support Defendants' position as to the limitations period of NRS 608.018 for overtime wages.

Defendants' argument is flawed because they attempt to impose the limitations period from one statute to another. By Defendants' logic, because legislature shortened the statute of limitations for one wage claim, <u>all</u> wage claims must have a shorter statute of limitations. There is no showing the legislative intent override the generally applicable limitations period.

Plaintiffs' claims asserted under NRS 608.016 (straight time), NRS 608.018 (overtime), and NRS 608.020-050 (waiting time penalty) have a three–year statute of limitations per NRS 11.190(3). Defendants' request for dismissal as to statute of limitations is without merit, and the request should be denied.

E.    **FIFTH CAUSE OF ACTION FOR WAITING TIME PENALTIES PROPERLY STATES A CLAIM**

Defendants' argument regarding waiting time penalties is based on when the wages become due. (Dkt. XX, p. 16:23, "amounts ***actually due***, not wage amounts that ***might be due*** under a future judgment . . . ", emphasis in original.) In essence, Defendants argue that derivative claims fail as a matter of law—without citing any authority to support that position.

 "In order to give effect to the Legislature's intent, [this court] ha[s] a duty to consider the statute[s] within the broader statutory scheme harmoniously with one another in accordance with the general purpose of those statutes." (*Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev. 328, 336 (2013), (internal quotation marks omitted).) NRS 608.020 states "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately." (*Neville v. Eighth Judicial Dist. Court of Nev.* 406 P.3d 499, 502 (Nev. 2017).) Plaintiffs seek wages and compensation for work already performed.

Under Nevada law, overtime is a form of wages. (*Evans v. Wal-Mart Stores, Inc.*, 656 F. App'x 882 (9th Cir. 2016), see also NRS § 608.012.) "Overtime pay is also a form of compensation under § 608.040." (*Evans v. Wal-Mart Stores, Inc.*, 656 F. App'x 882 (9th Cir. 2016).) Nevada wage statutes also state "wages and compensation **earned and unpaid** at the time of the employee's resignation or quitting must be paid no later than: 1. The day on which the employee would have regularly been paid the wages or compensation; or 2. Seven days after the employee resigns or quits, whichever is earlier." (NRS 608.030, emphasis added.)

1        NRS 608.040 is a "'waiting penalty' statute [that] penalizes an employer's failure to

2   render prompt payment of past-due wages to an employee who resigns, quits, or is discharged."

3   (*Lucas v. Bell Trans*, 773 F. Supp. 2d 930, 933 (D. Nev. 2011).) NRS 608.040 deals with

4   situations where an employee was not paid all the statutorily mandated wages due and owing at

5   the time of termination, and NRS 608.050 addresses when an employee was not paid all the

6   contractually—owed wages at the time of termination and when employers fail or refuse to pay

7   wages. Under NRS 608.020-050, an employer is strictly liable for waiting time penalties, and no

8   willfulness on the employer's part needs to be proven.

9        Defendants cite one unpublished case to support their position that waiting time penalties

10   are only due if the hours were undisputed (*See* ECF No. 13, p. 16:24–26, citing *Orquiza v.*

11   *Walldesign, Inc.*, No. 2:11-CV-1374 JCM CWH, 2012 WL 2327685, at *5 (D. Nev. June 19,

12   2012).) However, that case does not support the argument that there is a difference between

13   wages employees knew were owed, versus wages employees were later awarded by way of a

14   future judgment.

15        The Legislature enacted NRS 608.020-050 to protect employees, and it is that protection

16   Plaintiffs seek in this case. Plaintiffs properly and adequately pled a claim for waiting time

17   penalties, and Defendants' request for dismissal should be denied.

18   **F.**   **SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT IS <u>NOT</u> PREEMPTED BY FLSA**

19        **OR NEVADA LAW**

20        Employees have been able to bring claims for breach of employment contract in Nevada

21   for 100 years. (*See Walser v. Moran*, 173 P. 1149 (Nev. 1918).) Courts in this district find

22   plaintiffs pleading they were employees enough "to infer the existence of an employment

23   contract." (*McDonagh v. Harrah's Las Vegas, Inc.*, No. 2:13-CV-1744 JCM CWH, 2014 WL

24   2742874, at *3 (D. Nev. June 17, 2014).) Plaintiffs' Second Cause of Action for breach of

25   contract is based on the employment contract entered into by Defendants and Plaintiffs. (ECF

26   No. 1 ¶55.) As previous stated, courts accept well–pled facts in the complaint as true in a motion

27   to dismiss. (*Iqbal*, 556 U.S. at 678.)

28

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1    The Ninth Circuit has already decided the issue of preemption under similar

2   circumstances finding no preemption in *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 759-

3   60 (9th Cir. 2010), *judgment vacated on other grounds*, *Chinese Daily News, Inc. v. Wang*, 565

4   U.S. 801 (2011).) To summarize, the *Wang* court:

5       "(1) clarified confusion resulting from dicta in *Williamson v. Gen.
        Dynamics Corp.*, 208 F.3d 1144 (9th Cir. 2000); (2) rejected the
6       Fourth Circuit's finding of FLSA state-law preemption in *Anderson v.
        Sara Lee Corp.*, 508 F.3d 181 (4th Cir 2007); (3) noted that the Ninth
7       Circuit had "never held that FLSA preempts a state-law claim," but
        had often rejected such preemption arguments, *see, e.g, Williamson*,
8       208 F.3d at 1152-53; *Pac. Merch. Shipping Ass'n v. Aubry*, 918 F.2d
        1409, 1425 (9th Cir. 1990); and, finally (4) conducted a careful
9       preemption analysis, in route to holding that "FLSA does not preempt
        a state-law . . . claim that 'borrows' its substantive standard from
10      FLSA." *Wang*, 623 F.3d at 759-60.

11

12   (*Ribot v. Farmers Ins. Grp.*, No. CV1102404DDPFMOX, 2011 WL 13128072, at *6 (C.D. Cal.

13   Nov. 23, 2011).) Since the decision in *Wang*, no district courts in this circuit have found state

14   law claims preempted by FLSA. (*Id.*) As stated by another court in this district, "[b]y allowing

15   for the possibility of two separate state law and FLSA classes, the Court can prevent the Rule 23

16   procedures from standing as an obstacle to the fulfillment of the FLSA and can allow both sets of

17   claims to move forward simultaneously." (*Daprizio v. Harrah's Las Vegas, Inc.*, No. 2:10-CV-

18   00604-GMN, 2010 WL 5099666, at *3 (D. Nev. Dec. 7, 2010).)

19       Here, Plaintiffs had written employment contracts listing their pay rates and job positions.

20   Additionally, the actions of the parties gave rise to implied contracts between parties. There were

21   also verbal understanding between Defendants and Plaintiffs and the putative class, giving rise to

22   verbal contracts. Even if Defendants claim "at–will" employment relationships, "[a]n at-will

23   relationship, however, can morph into a continued employment contract when the employer and

24   employee expressly or impliedly agree that employment is to be for an indefinite term or that it

25   may be terminated only for cause or 'in accordance with established policies or procedures.'"

26   (*Porteous v. Capital One Servs. II, LLC*, No. 217CV2866JCMGWF, 2018 WL 3469016, at *14

27   (D. Nev. July 17, 2018), citing *D'Angelo v. Gardner*, 107 Nev. 704, 819 P.2d 206, 211 (1991).)

28

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1    1.  <u>No Preemption Under FLSA</u>

States have broad authority under their police powers to regulate employment relationships for the benefit of workers within that state. (*De Canas v. Bica*, 424 U.S. 351, 356 (1976).) When Congress legislates in an area that is historically within the state's police power, such as here, state laws are not preempted absent the "clear and manifest purpose of Congress." (*Cipollone v. Liggett Group*, 505 U.S. 504, 516 (1992).) There is a strong presumption against the preemption of state law. (*Medtronic, Inc, v. Lohr*, 518 U.S. 470, 485 (1996); *see also Hawaiian Airlines v. Norris*, 512 U.S. 246, 252 (1994); "Pre-emption of employment standards within the traditional police power of the State should not be lightly inferred." (Internal quotes omitted.).) "Because it is assumed that Congress does not cavalierly decide to override state authority, there is a general presumption against preemption in areas traditionally regulated by states." (*Oxygenated Fuels Association v. Davis*, 331 F.3d 665, 668 (9th Cir. 2003).) There are three ways that Congressional intent to preempt state law may be inferred. (*Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).) First, Congress might express its intent to preempt state law in the statute itself; this is called "express preemption." Second, the regulatory scheme enacted by Congress might be so comprehensive that there is no room for state regulation; this is called "field preemption." Third, state law might conflict with federal law, either because it is impossible to comply with both federal and state law simultaneously, or because state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." This is known as "conflict preemption." (*Id*. at 1149.)

Neither "express preemption" nor "field preemption" applies here. As the Ninth Circuit recognized in *Williamson*, the FLSA contains no language that expressly preempts state law claims. (*Id*. at 1151.) To the contrary, the FLSA contains a "savings clause," allowing states to enact wage and hour laws more favorable to employees than the FLSA. (29 U.S.C. section 218(a).) Furthermore, in *Williamson*, the Ninth Circuit held that the FLSA's savings clause "is evidence that Congress did not intend to preempt the entire field" of wage and hour regulation, so field preemption does not apply either. (*Id*. at 1151.)

Instead, Defendants rely on the theory of "conflict preemption." There are two types of conflict preemption: (1) where it is impossible to comply with both federal and state law

1    simultaneously, and (2) where state law "stands as an obstacle" to Congress' purpose in enacting

2    the federal law. (*Williamson*, 208 F.3d at 1152.) Defendants allege the second type of conflict

3    preemption. Specifically, Defendants allege that Plaintiffs' Nevada state law claims conflict

4    with FLSA's requirement under 29 U.S.C. section 216(b) that class members affirmatively "opt-

5    in" in order to be bound by the judgment. As previously discussed, that argument has been

6    rejected in this circuit, and having two separate classes—one for the opt–in FLSA class, and

7    another for the Rule 23 opt–out class—is the proper way to proceed. (*See Daprizio v. Harrah's*

8    *Las Vegas, Inc.*, No. 2:10-CV-00604-GMN, 2010 WL 5099666, at *3 (D. Nev. Dec. 7, 2010).)

9         The principal purpose of the FLSA is to protect employees from substandard wages and

10   oppressive working hours. (*Williamson*, 208 F.3d at 1150; *Barrentine v. Arkansas-Best Freight*

11   *Sys., Inc.*, 450 U.S. 728, 739 (1981).) Congress found that such conditions are detrimental to the

12   health, efficiency, and general well-being of workers. (29 U.S.C. section 202(a); *Barrentine*, 450

13   U.S. at 739.) Although Congress has amended the FLSA several times since it was originally

14   enacted in 1938, the central purpose of the FLSA—employee protection—has remained the

15   same. (*Williamson*, 208 F.3d at 1154.)

16        Plaintiffs' Nevada overtime and minimum wage claims do not "stand as an obstacle" to

17   Congress' purpose in enacting the FLSA. As previously noted, the FLSA's savings clause

18   expressly authorizes states to establish labor laws more protective of employees' rights than the

19   FLSA. (29 U.S.C. section 218(a); *Williamson*, 208 F.3d at 1150.) Nevada has done exactly that

20   by enacting a law—which allows the traditional opt–out procedures of Rule 23 for group–wide

21   recovery when its labor laws are violated. Thus, Nevada's statutes fall within the scope of the

22   FLSA's savings clause. Furthermore, by extending the limitations period and allowing opt–out

23   class actions, Nevada's statutes promote rather than frustrate the FLSA's central goal of

24   protecting employees. (*See Pacific Merchant Shipping Association v. Aubry*, 918 F.2d 1409,

25   1424 (9th Cir. 1990), holding California's more favorable overtime laws are compatible with,

26   rather than conflict with, the FLSA.)

27        Additionally, Plaintiffs' Nevada law claims do not frustrate Congress' purpose in

28   enacting the Portal–to–Portal Act of 1947, which added the opt–in collective action procedure

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

and the two–year limitations period to the FLSA. (29 U.S.C. sections 216(b) and 255(a).) The purpose of the Portal–to–Portal Act was to stem the tide of federal lawsuits that were filed in response to the U.S. Supreme Court's decision in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). (*Steiner v. Mitchell*, 350 U.S. 247, 253-54 (1956).) Congress found that the liability faced by employers as a result of the Mt. Clemens decision was "immense" and would lead to "financial ruin" for many employers. (29 U.S.C. section 251(a), listing Congressional findings in support of Portal-to-Portal Act.) A secondary purpose of the Portal–to–Portal Act was to curtail FLSA lawsuits by unions acting as representatives on behalf of affected employees. (*State of Nevada Employees' Association v. Bryan*, 916 F.2d 1384, 1391 (9th Cir. 1990), citing with approval *Arrington v. Nat'l Broadcasting Co., Inc.,* 531 F.Supp. 498, 500-1 (D.D.C.1982).) Neither concern is relevant here.

    2.  <u>No Preemption Under Nevada Law</u>

       Defendant's argument that Nevada statutes preempt Plaintiffs' Second Cause of Action is baseless. "Nevada courts will not construe a statute as eliminating a common law cause of action unless the statute unambiguously requires that result." (*Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1094 (9th Cir. 2011), citing *Hardy Cos., Inc. v. SNMARK, LLC,* 245 P.3d 1149, 1155–56 (Nev.2010), "In the enactment of a statute, 'the legislature will be presumed not to intend to overturn long-established principles of law, and the statute will be so construed unless an intention to do so plainly appears by express declaration or necessary implication.'") Additionally, the Nevada Revised Statues impose a type of liability unavailable by a straight breach of contract action, suggesting the Nevada Revised Statues are "meant to complement rather than replace the common law." (*Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1095 (9th Cir. 2011).)

       While *Pitts v. Terrible Herbst* is the case on point in this circuit, Defendants' rely on a California District Court case as the foundation for their position that Plaintiffs' claims are preempted under FLSA and state law. The question posed in Defendants' case was "whether plaintiffs' common law claims stand as an obstacle to the purposes of Congress, as evidenced in the FLSA." (*Helm v. Alderwoods Group, Inc.*, 696 F.Supp.2d 1057, 1075 (N.D. Cal. 2009).) The

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1   *Helm* court stated, "that state laws do not stand as an obstacle to the enforcement of the FLSA if

2   the state laws regulate conduct outside the ambit of the federal statute. (*Helm* at 1075.) The *Helm*

3   court held plaintiffs were allowed to proceed with claims not duplicative of FLSA—as is the

4   case at bar, where the breach of contract claims have remedies not available under FLSA, as

5   previously discussed. (*See Helm* at 1076.)

6        Defendant also argues "[c]laims that are directly covered by the FLSA (such as overtime

7   and retaliation disputes) must be brought under the FLSA." (*Williamson v. General Dynamics*

8   *Corp.* 208 F.3d 1144, 1154 (9th Cir. 2000).) However, that statement is recognized as dicta, and

9   as such, not binding. (*Takacs v. A.G. Edwards & Sons, Inc.*, 444 F. Supp. 2d 1100, 1117 (S.D.

10  Cal. 2006), recognizing other district courts also find such dictum non binding.) Additionally,

11  Defendant argues the adequacy of statutory remedies for violations of NRS 608.016, NRS

12  608.018, and NRS 608.020–050 as justification to preempt Plaintiffs' Second Cause of Action.

13  Defendant omits the fact that under Nevada law, breach of contract extends the statute of

14  limitations to six years. (NRS 11.190(1)(b).) The difference between a three–year statute of

15  limitations, and a six–year statute of limitations is significant, and negates any notion by

16  Defendants that the statutory remedies provided in NRS 608.016, NRS 608.018, and NRS

17  608.020–050 are the same as the remedies for breach of contract.

18       There is no preemption of Plaintiffs' breach of contract claim under FLSA or state law,

19  and Defendants' request for dismissal should be denied.

20  ### III.    CONCLUSION

21       Plaintiffs have properly pleaded their causes of action, including pleading facts giving

22  rise to Defendant CEC's liability, liability under FLSA, the appropriate three–year statute of

23  limitations for most wage and hour claims under Nevada state law, a six–year statute of

24  limitations for breach of written contract, and demonstrated there are no valid preemption issues

25  in the case at bar. Although Defendants' style their standing argument as one for subject matter

26  jurisdiction to avoid the procedural requirements of Rule 56, case law is clear that standing

27  arguments made by Defendants are properly viewed as a request for dismissal for failure to state

28  a claim under Rule 12(b)(6), which does not allow courts to consider matters outside the

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1    pleadings. (*Vaughn v. Bay Envtl. Mgmt., Inc.*, 567 F.3d 1021, 1022 (9th Cir. 2009); *see also*

2    *United States v. LSL Biotechnologies*, 379 F.3d 672, 699 (9th Cir. 2004).) While Plaintiffs

3    believe they have adequately pled their claims, if the Court finds to the contrary, Plaintiffs

4    respectfully request leave to amend.

5            For the reasons stated above, and any oral arguments the Court may allow, the Court

6    should deny Defendants' motion.

7

8    Dated:  December 10,  2018                    **Leon Greenberg, P.C.**

9
                                                    By:  ___s/ Leon M. Greenberg_____
10                                                  Leon M. Greenberg, NV Bar No. 8094
                                                    2965 South Jones Boulevard, Suite E–3
11                                                  Las Vegas, NV 89146
                                                    Tel.: 702.383.6085
12
                                                    **THE MARKHAM LAW FIRM**
13                                                  David R. Markham, CA Bar # 071814
                                                    Maggie Realin, CA Bar # 263639
14                                                  Michael J. Morphew, CA Bar # 304463
                                                    750 B Street, Suite 1950
15                                                  San Diego, CA  92101
                                                    Tel: 619.399.3995
16
17                                                  *Attorneys for Plaintiffs*
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**Certificate of Service**

  I hereby certify that on the 10th day of December 2018, the foregoing was filed and served by the United States District Court, District of Nevada's CM/ECF System, on the following persons:

Elayna J. Youchah (NV Bar No. 5837)
**JACKSON LEWIS P.C.**
3800 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
Tel.: 702.921.2460

Christopher J. Stevens
**JACKSON LEWIS P.C.**
677 Broadway, 9th, Floor
Albany, NY 12207
Tel.: 518.512.8700

Leon M. Greenberg, NV Bar No. 8094
**Leon Greenberg, P.C.**
2965 South Jones Boulevard, Suite E–3
Las Vegas, NV 89146
Tel.: 702.383.6085

David R. Markham (CA Bar No. 071814)
**THE MARKHAM LAW FIRM**
750 B Street, Suite 1950
San Diego, CA 92101
Tel: 619.399.3995

       s/ Leeanna Carcione
      THE MARKHAM LAW FIRM
      750 B Street, Suite 1950
      San Diego, CA 92101
      Tel: 619.399.3995