1
2
3
4                   UNITED STATES DISTRICT COURT
5                        DISTRICT OF NEVADA
6                                * * *
7    MICHAEL D'AMORE, et al.,                    Case No. 2:18-CV-1990 JCM (VCF)
8                           Plaintiff(s),                    ORDER
9         v.
10   CAESARS ENTERPRISE SERVICES,
     LLC, et al.,
11
12                          Defendant(s).

13
14        Presently before the court is plaintiffs Michael D'Amore, Adam Bycina, and Richard
15   D'Hondt and defendant Desert Palace LLC's, dba Caesars Palace – Las Vegas ("Caesars
16   Palace"), joint motion to approve their proposed settlement.  (ECF No. 94).
17   Also before the court is the parties' joint motion for leave to file their settlement under seal.
18   (ECF No. 93).
19   I.   **Background**
20        D'Amore, Bycina, and D'Hondt are former Caesars Palace table games floorman.
21   (Second Amended Complaint, ECF No. 66 ¶¶ 2–4).  They filed a class and collective
22   complaint, alleging that, until about October 7, 2016, Caesars Palace misclassified them as
23   overtime exempt, salary-paid employees and did not pay them for pre-shift "buzz sessions"
24   and trainings in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.,
25   and in breach of their employment agreements, in violation of Nev. Rev. Stat. § 11.190(1)(b).
26   (*Id.* at ¶¶ 30–52).
27        Caesars Palace disputes its former employees' allegations and asserts various
28   affirmative defenses.  (ECF No. 94 at 2).  After "extensive negotiations, the parties have

**James C. Mahan**
**U.S. District Judge**

1    reached a mutually satisfactory settlement to settle the three named [p]laintiffs' claims on an

2    individual basis, in order to avoid the risk, uncertainty, and inconvenience of further litigation."

3    (ECF No. 93 at 2).   The parties now ask this court to seal and approve their proposed

4    settlement.  (ECF Nos. 93, 94).

5    **II.      Legal Standard**

6            The FLSA was enacted to protect workers from "substandard wages and oppressive

7    working hours."  *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 739 (1981).  The

8    statute allows collective actions "by any one or more employees for and in behalf of himself

9    or themselves and other employees similarly situated."  29 U.S.C. § 216(b).

10   Recognizing the unequal bargaining power between employers and employees, Congress

11   made the FLSA's provisions mandatory; they are not subject to negotiation or bargaining.

12   *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).  "FLSA rights

13   cannot be abridged by contract or otherwise waived because this would nullify the purposes

14   of the statute and thwart the legislative policies it was designed to effectuate."  *Barrentine*, 450

15   U.S. at 740 (internal quotation marks omitted); *Brooklyn Savings Bank v. O'Neil*, 324 U.S.

16   697, 707 (1945) ("No one can doubt but that to allow waiver of statutory wages by agreement

17   would nullify the purposes of the Act.").  Accordingly, FLSA claims cannot be settled without

18   approval of either the Secretary of Labor or a district court.  *Seminiano v. Xyris Enter., Inc.*,

19   602 F. App'x 682, 683 (9th Cir. 2015).

20           The FLSA does not set forth criteria for scrutinizing settlements and the Ninth Circuit

21   has not set forth any criteria either.  District courts in this circuit have looked to the Eleventh

22   Circuit's opinion in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

23   *See, e.g.*, *Acuna v. So. Nev. T.B.A. Supply Co.*, 324 F.R.D. 367 (D. Nev. 2018); *McKeen–*

24   *Chaplin v. Franklin Am. Mortg. Co.*, No. 10-cv-5243 SBA, 2012 WL 6629608, at *2 (N.D.

25   Cal. Dec. 19, 2012); *Trinh v. JPMorgan Chase & Co.*, No. 07-cv-01666, 2009 WL 532556, at

26   *1 (S.D. Cal. Mar. 3, 2009); *Goudie v. Cable Commc'ns, Inc*., No. 08-cv-507-AC, 2009 WL

27   88336, at *1 (D. Or. Jan. 12, 2009); *Hand v. Dionex Corp.*, No. 06-cv-1318-PHX-JAT, 2007

28   WL 3383601, at *1 (D. Ariz. Nov. 13, 2007).

**James C. Mahan**
**U.S. District Judge**

Under *Lynn's Food Stores*, a settlement must be "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues . . . that are actually in dispute," the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

Further, approval of a Rule 23 class action settlement for fairness, reasonableness, and adequacy is more demanding than approval of an FLSA collective action settlement. *See* Fed. R. Civ. P. 23(e)(2). That is because, unlike a class action, plaintiffs must affirmatively opt-in to a FLSA collective action by written consent. 29 U.S.C. § 216(b); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1136 (D. Nev. 1999) ("The § 216(b) requirement that plaintiffs consent to the suit serves essentially the same due process concerns that certification serves in a Rule 23 action."). Nevertheless, district courts have found the Rule 23 "fairness factors" to be instructive in scrutinizing FLSA settlements. *See, e.g.*, *Lewis v. Vision Value, LLC*, No. 1:11-cv-01055-LJO, 2012 WL 2930867, at *2 (E.D. Cal. July 18, 2012); *Almodova v. City & Cty. of Honolulu*, No. CV 07-00378DAE-LEK, 2010 WL 1372298, at *4 (D. Haw. Mar. 31, 2010), *report and recommendation adopted*, No. CIV.0700378-DAE-LEK, 2010 WL 1644971 (D. Haw. Apr. 20, 2010).

The Rule 23 fairness factors include: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). While some of these factors do not apply in the FLSA context, a majority of them do and will be considered by the court to evaluate the reasonableness and fairness of the proposed settlement.

. . .

James C. Mahan
U.S. District Judge

### III.   Discussion

The court will first address the parties' joint motion for leave to file their settlement under seal (ECF No. 93) and then turn to the joint motion for approval of their settlement (ECF No. 94).

#### A.  Joint Motion to Seal the Settlement

The parties give two reasons why their settlement should be sealed.  (ECF No. 93 at 2).  First, it has a confidentiality provision.  (*Id.*).  Second, the parties have agreed to settle the three named plaintiffs' claims only and "disclosure of the negotiations or the amount of settlement to the other potential claimants could influence their future settlement and/or litigation positions." (*Id.*).

The parties assert that there is a "strong public policy encouraging resolution of litigated matters.  The negotiated confidentiality provision was critical to the settlement of this contested matter." (*Id.* at 3).  But there is also a strong presumption in favor of public access to judicial records.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  *But see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (holding that judicial records that are only "tangentially related to the merits of a case" are not subject to the strong presumption of public access).  "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (Posner, J.).

The strong presumption of public access is bolstered in FLSA cases because "the public has an independent interest in assuring that employees wages are fair." *Bouzzi v. F & J Pine Rest., LLC*, 841 F. Supp. 2d 635, 639 (E.D.N.Y. 2012) (internal quotation marks omitted); *see also Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 646–48 (S.D.N.Y. 2011) (joining "the overwhelming consensus of district courts . . . to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access"); *Duran v. Hershey Co.*, No. 14-CV-01184-RS, 2015 WL 4945931, at *1 (N.D. Cal. Aug. 10, 2015); *Dees*

James C. Mahan
U.S. District Judge

- 4 -

*v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1246 (M.D. Fla. 2010) (declining to seal a FLSA settlement).

To overcome the presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). If the court seals a judicial record, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* 447 F.3d at 1179 (internal quotation marks omitted). Put plainly, the parties do not have compelling reasons to seal their FLSA settlement as required by *Kamakana*. A confidentiality provision, without more, is not a compelling reason to seal. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136–38 (9th Cir. 2003); *Joo*, 763 F.Supp.2d at 648. And an employer like Caesars Palace is not entitled to protection from this court from potential additional FLSA liability. *Foltz*, 331 F.3d at 1137. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

The parties cite to *Orquiza v. Walldesign, Inc.*, No. 2:11-cv-01374-JCM-CWH, where this court previously granted a request "to accept and approve [a] settlement agreement resolving FLSA claims under seal, due to importance of [a] confidentiality provision and existence of other potential plaintiffs whose claims had not been settled." (ECF No. 93 at 3). However, this court more recently in *Zako v. Hamilton Co.*, No. 2:16-cv-166-JCM-PAL, 2020 WL 406376 (D. Nev. Jan. 24, 2020), *denied* a request to seal that was similar to the parties' instant request.

Thus, the joint motion for leave to file the proposed settlement under seal is denied. The clerk is ordered to file the documents on the public docket.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

**B. Joint Motion to Approve the Settlement**

Based on a review of the record and the proposed settlement, the court finds that the settlement is "a fair and reasonable resolution of a bona fide [FLSA] dispute." *Lynn's Food Stores*, 679 F.2d at 1355.

In a prior ruling granting Caesar Palace's motion to dismiss, the court noted that FLSA's two-year statute of limitations likely limits the table floormans' recovery to about one week of backpay. (Order on Motion to Dismiss, ECF No. 61 at 5–6; ECF No. 94 at 4). This suggests that the strength of the plaintiffs' case weighs in favor of approving the settlement rather than proceeding to expensive discovery and trial.

Further, the recovery is comparable to the damages the plaintiffs likely could have obtained if they went to trial. Caesars Palace has offered the three table floorman a $25,000 settlement, $5,500 of which will be paid to each plaintiff directly. (ECF No. 94 at 5). The parties aver that the settlement amount "exceeds [the plaintiffs'] actual recoverable damages under the FLSA within the two-year statute of limitations period." (*Id.*).

Plaintiffs' counsel is seeking $8,500 in attorney's fees and costs which is 34% of the total $25,000 settlement.[1] (*Id.* at 5). This percentage is above the 25% benchmark the Ninth Circuit uses when evaluating fee awards in class action settlements under a percentage-of-the-recovery method. *Allen v. Bedolla*, 787 F.3d 1218, 1224 n.4 (9th Cir. 2015). *Cf. Almodova*, 2010 WL 1372298, at *7 (reviewing a fee award in an FLSA settlement using the lodestar method). However, the fee award is still reasonable in this specific case. Plaintiffs' counsel litigated a motion to dismiss, amended the complaint twice, and was "prepared to litigate this matter as a collective and class action." (ECF No. 94 at 6). And "since the amount allocated to the three named Plaintiffs exceeds their recoverable damages, it is clear the attorneys' fees did not affect or corrupt the amount the named Plaintiffs will receive in settlement." (*Id.*).

---

[1] The parties' joint motion to approve the settlement states: "Plaintiffs' counsel submits the amount of attorneys' fees, **which constitutes approximately 22% of the total settlement**, is reasonable and customary, particularly based on the extensive analysis, motion practice and negotiation performed by multiple attorneys, including counsel specializing in wage and hour law." (ECF No. 94 at 5–6 (emphasis added)). The court is unclear on how the parties arrived at this 22% calculation.

1   However, the court does not approve the confidentiality provision in the settlement.

2   Numerous courts have concluded that confidentiality provisions like the one here contravene

3   the FLSA's broad remedial purpose and "undermine[] the Department of Labor's regulatory

4   effort to notify employees of their FLSA rights." *Dees*, 706 F. Supp. 2d at 1242; *see, e.g.*,

5   *Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1289–90 (N.D. Ala. 2014) (rejecting a

6   confidentiality provision based on the rationale in *Dees*); *Zako v. Hamilton Co.*, No. 2:16-CV-

7   166-JCM-PAL, 2020 WL 406376, at *2 (D. Nev. Jan. 24, 2020) (same); *Gonzalez-Rodriguez*

8   *v. Mariana's Enterprises, et al.*, No. 2:15-CV-00152-JCM-PAL, 2016 WL 3869870, at *4 (D.

9   Nev. July 14, 2016) (same).  "By including a confidentiality provision, the employer thwarts

10  the informational objective of the notice requirement by silencing the employee who has

11  vindicated a disputed FLSA right." *Dees*, 706 F. Supp. 2d at 1242. To further congressional

12  intent of "private-public" rights under the FLSA, the court will not approve the confidentiality

13  provision.

14  Based on the directives in *Lynn's Food Stores* and the fairness factors enumerated

15  above, the settlement is approved consistent with the foregoing.

16  **IV.    Conclusion**

17  Accordingly,

18  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the parties' joint

19  motion for approval of their settlement (ECF No. 94) be, and the same hereby is, GRANTED

20  in part and DENIED in part, consistent with the foregoing.

21  IT IS FURTHER ORDERED that the parties' joint motion for leave to file their

22  settlement under seal (ECF No. 93) be, and the same hereby is, DENIED.  The clerk shall file

23  the documents on the public docket.

24  IT IS FURTHER ORDERED that plaintiffs' individual claims are DISMISSED with

25  prejudice and the collective action and class action claims are DISMISSED without prejudice.

26  The court retains jurisdiction to enforce the settlement.

27

28

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that the parties shall prepare and file a stipulated

2  judgment for the court's signature consistent with the foregoing within fourteen (14) days of

3  the entry of this order.

4    DATED October 28, 2020.

5

6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge

- 8 -